IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROGER LEE SHARP,

        *Plaintiff*,

v.

FRANK BISIGNANO, COMMISSIONER
OF SOCIAL SECURITY,

        *Defendant*.

Case No. 25-4014-EFM

**MEMORANDUM AND ORDER**

Plaintiff Roger Lee Sharp seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. Plaintiff argues that the administrative law judge ("ALJ") erred by failing to comply with SSR 96-8p's requirement that the ALJ explain and resolve any material inconsistencies or ambiguities between Plaintiff's residual functional capacity ("RFC") and the medical opinion the ALJ relied upon. For the reasons stated below, the Court reverses and remands the Commissioner's judgment.

### I.     Factual and Procedural Background

Plaintiff is a 59-year-old man who suffers from depression, anxiety, and occasional panic attacks. On March 12, 2021, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act. Plaintiff's application was denied twice, so he appealed those denials to an ALJ. The ALJ ultimately issued an unfavorable decision to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ based his findings on evidence presented at a telephone hearing and Plaintiff's medical records.

At the telephone hearing, the ALJ heard testimony from Plaintiff and a vocational expert ("VE"). The ALJ posed two hypotheticals to the VE during the VE's testimony. The first hypothetical reads:

> For hypothetical number one, I'd like you to assume an individual of [Plaintiff's] age, education, and work experience, and this individual could do work at all exertional levels without any exertional limitations. The individual could apply common sense understanding, and carry out detailed and uninvolved instructions in the performance of simple, routine, or repetitive tasks, in a work environment free of fast paced production requirements, involving only simple work-related decisions with few, if any, workplace changes. The individual would not be able to have contact with the public as part of the job, and could have occasional interaction with coworkers and supervisors.

In response, the VE testified that an individual matching the description in the first hypothetical could perform work in the national economy. The ALJ then posed a second hypothetical:

> For hypothetical number two, assume all the restrictions and limitations from hypothetical number one. Assume further that this individual would not be able to maintain attention, concentration, persistence and pace for two-hour segments of time, such that they'd be off task 20 percent of the day. The individual would also miss work approximately three times per month.

When asked if the second hypothetical individual could perform any work in the national economy, the VE testified they could not.

The second hypothetical encompasses the medical opinions from Plaintiff's consultative examination with Kristy Cramer, M.A., LCPC. Based on the examination and cognitive testing, Ms. Cramer opined that Plaintiff had average intelligence, fair attention and concentration, and normal immediate recall and long-term memory such that he could perform simple, repetitive tasks and multi-step commands. She also opined that Plaintiff had deficits in short-term memory and may experience difficulties with maintaining a regular work schedule due to problems with sleep.

Further, she opined that Plaintiff was able to interact appropriately with coworkers and supervisors in a moderate contact environment.

The ALJ reviewed Ms. Cramer's medical report, amongst others, to determine Plaintiff's RFC. The ALJ found most of Ms. Cramer's opinions supported and consistent, including her opinion that Plaintiff may struggle maintaining a regular work schedule due to problems with sleep. The ALJ, however, found that Ms. Cramer's opinion on Plaintiff's ability to interact with coworkers and supervisors insufficiently accounted for Plaintiff's ongoing anxiety and occasional panic attacks. As such, the ALJ designated Ms. Cramer's report as partially persuasive.

After reviewing the medical records and testimony from the telephone hearing, the ALJ determined that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with the following non-exertional limitations. The claimant is able to apply common sense understanding to carry out detailed but uninvolved instructions in the performance of simple, routine, and repetitive tasks, in a work environment free of fast-paced production requirements, involving only simple, work-related decisions, with few, if any, workplace changes. The claimant can have no interaction with the general public. The claimant can have occasional interaction with co-workers and supervisors.

The RFC determination did not adopt Ms. Cramer's finding that Plaintiff may occasionally struggle to maintain a regular work schedule. The ALJ did not explain why this opinion was omitted from the RFC in his narrative.

Based on the RFC, the ALJ found Plaintiff not disabled within the meaning of the Social Security Act and that Plaintiff could perform unskilled work. Plaintiff now appeals the decision for judicial review.

## II.     Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act, which provides that the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive.[1] The Court must therefore determine whether the Commissioner's factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standard.[2] "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[3] The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[4]

An individual is disabled under the Act only if she can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[5] This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[6] The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is

---

[1] 42 U.S.C. § 405(g).

[2] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[3] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. July 28, 2010) (citing *Castellano v. Sec'y of Health & Hum. Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

[5] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306–07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[6] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217–22 (2002); 20 C.F.R. § 416.920 (2005)).

disabled.[7] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

The first three steps of the sequential evaluation require the ALJ to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those impairments meets or equals a designated list of impairments.[9] If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments."[10]

After assessing the claimant's RFC, the ALJ continues to step four and five. Step four requires the ALJ to determine whether the claimant can perform her past relevant work.[11] Step five requires the ALJ to determine whether the claimant can generally perform other work that exists in the national economy.[12] The claimant bears the burden in steps one through four to prove a disability that prevents the performance of her past relevant work.[13] The burden then shifts to the

---

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a).

[8] *Barkley*, 2010 WL 3001753, at *2.

[9] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[10] *Barkley*, 2010 WL 3001753, at *2; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Id.*

[13] *Lax*, 489 F.3d at 1084.

Commissioner at step five to show that, despite her alleged impairments, the claimant can perform other work in the national economy.[14]

### III.     Analysis

Plaintiff's appeal primarily lies in step five of the ALJ's evaluation process. Specifically, Plaintiff asserts that the ALJ erred in determining Plaintiff's RFC when he omitted a portion of Ms. Cramer's medical opinion and failed to explain why, violating Social Security regulations. Plaintiff argues the lack of an explanation harmed him because it resulted in an overestimation of his RFC and ability to perform other work in the national economy.

SSR 96-8p regulates an ALJ's determination of a claimant's RFC.[15] When determining a claimant's RFC, SSR 96-8p requires an ALJ to "include a narrative discussion describing how the evidence supports each conclusion."[16] In the narrative discussion, the ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."[17] "If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted."[18] "An RFC conflicts with a medical opinion when it expressly adopts specific restrictions within that opinion while leaving out others without comment."[19]

---

[14] *Id.*

[15] SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).

[16] *Id.* at *7.

[17] *Id.*

[18] *M.H. v. Saul*, 2020 WL 916856, at *4 (D. Kan. Feb. 26, 2020).

[19] *Karla M. v. Kijakazi*, 2022 WL 4597849, at *6 (D. Kan. Sept. 30, 2022) (citing *Haga v. Astrue*, 482 F.3d 1205, 1207–08 (10th Cir. 2007)).

Here, the RFC assessment conflicts with Ms. Cramer's opinion. The ALJ found Ms. Cramer's opinion was supported and consistent with Plaintiff's medical record. While the ALJ designated Ms. Cramer's opinion only partially persuasive, the ALJ did so because he found that Plaintiff's anxiety and panic attacks imposed greater limitations on his ability to interact with coworkers and supervisors than Ms. Cramer's report indicated. As such, the ALJ expressly adopted most of Ms. Cramer's report alongside these additional limitations. The ALJ, however, did not adopt Ms. Cramer's finding that Plaintiff may experience occasional difficulties with maintaining a regular work schedule due to problems with sleep nor did he provide any comment on it, creating a conflict between the RFC and Ms. Cramer's opinion. Under SSR 96-8p, the ALJ was required to explain why he did not adopt this portion of Ms. Cramer's opinion. He did not do so, thus failing to fulfill this requirement.

The Commissioner presents three unavailing arguments that the ALJ's narrative is proper and does not violate SSR 96-8p. First, the Commissioner explains that Ms. Cramer's opinion, read in context, is speculative and does not support a finding that Plaintiff is unable to maintain a reliable work schedule. This explanation, however plausible it may be, should have been included by the ALJ in the RFC narrative. It was not. Accordingly, the Court cannot consider the Commissioner's explanation here.[20]

Second, the Commissioner argues that the ALJ's narrative is proper because the ALJ was not required to adopt Ms. Cramer's opinion word for word since he only found it partially persuasive. True, "the ALJ, not a physician is charged with determining a claimant's RFC from

---

[20] *See Haga*, 482 F.3d at 1207–08 (stating that a court "may not create or adopt post-hoc rationalizations" when the government, rather than the ALJ, provides reasons for rejecting part of a medical opinion).

the medical record" and "exact correspondence between a medical opinion and the mental RFC is not required."[21] But when a RFC conflicts with a medical opinion, as the Court concludes is the case here, the ALJ must explain why the ALJ omitted medical opinions to facilitate judicial review.[22] This is required even when an ALJ designates a medical opinion as partially persuasive by finding a portion of the medical opinion unpersuasive, but the remaining portions, including a portion omitted from the RFC, persuasive.[23]

Lastly, the Commissioner argues that the ALJ's narrative is proper because the RFC sufficiently accounts for Plaintiff's potential difficulty in maintaining a regular work schedule. The RFC limits Plaintiff to unskilled work, the simplest type of work that "needs little or no judgment to do simple duties."[24] Regardless of what appears in the RFC, what does not appear is an explanation for why the ALJ omitted Ms. Cramer's opinion on Plaintiff's potential difficulties with maintaining a routine schedule. Accordingly, the Court does not further consider whether the RFC sufficiently accounts for Plaintiff's potential difficulties, except to note that one must be present at work to do the job, however simple it may be.

---

[21] *Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) (quoting *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012)).

[22] Indeed, the ALJ in *Wells v. Colvin*—a case the Commissioner cites to for support—seemingly explained why he omitted three medical opinions from the record, facilitating the court's review. *Id.* ("The ALJ rejected all three of them on the issue of severity because he concluded that they were inconsistent with the other evidence in the file."). Here, the ALJ provided no explanation for the Court's review.

[23] *See J.K. v. Bisignano*, 2025 WL 2770493, at *4 (D. Kan. Sept. 26, 2025) (rejecting the Commissioner's argument that the ALJ did not violate SSR 96-8p by finding a medical opinion only partially persuasive because the ALJ did not reject the portion omitted without explanation from the RFC).

[24] 20 C.F.R. § 404.1568(a); *see also* SSR 96-9p, 1996 WL 374185, at *9 (July 2, 1996).

None of the Commissioner's arguments save the ALJ's error. But even when an ALJ errs in his decision, courts will not reverse the decision if the error was harmless.[25] "Failure to resolve conflicts between a medical opinion relied on by the ALJ and a claimant's RFC typically results in reversible error."[26] As Plaintiff points out, the ALJ's error is not harmless because the VE testified that an individual with Plaintiff's limitations, in addition to missing three days of work a month, could not do any work in the national economy. The ALJ's failure to resolve the conflict posed by Ms. Cramer's opinion and the RFC undermines the ALJ's finding that suitable jobs for Plaintiff exist in the national economy, implicating the Commissioner's burden at step five. Accordingly, the ALJ's decision must be reversed and remanded.

**IT IS THEREFORE ORDERED** that the Commissioner's judgment is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 27th day of October, 2025.

This case is closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[25] *Trujillo v. Comm'r, SSA*, 818 F. App'x 835, 842 (10th Cir. 2020) ("We agree with the Commissioner that a remand is not necessary here because Trujillo fails to show that any error was harmful.").

[26] *Karla M.*, 2022 WL 4597849, at *7.